UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JONATHAN HOUSE | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-477 (RJL) |
| DIRK KEMPTHORNE, Secretary, United States Department of Interior, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO DISMISS**

Jonathan House alleges in his Complaint that the Department of Interior discriminated against him based on his race and sex in violation of Title VII of the 1964 Civil Rights Act. The Court should dismiss House's Complaint pursuant to Rule 12(b)(6) because it is untimely. House failed to file the Complaint within 90 days of receiving the Department's Final Agency Decision, as he was required to do if he wanted to pursue his claims in this Court. The Department sent House its Final Agency Decision by certified mail. The return receipt reflects that the Final Agency Decision was delivered to House's home on Thursday, December 20, 2007. However, House did not file his Complaint until Thursday, March 20, 2008 – 91 days after the Final Agency Decision was delivered to his home. House's Title VII claims are therefore time barred, and his Complaint should be dismissed.

A memorandum in support and proposed order are submitted herewith.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

|  | /s/ |
|---|---|
|  | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
|  | Assistant United States Attorney |
|  |  |
|  | /s/ |
|  | HARRY B. ROBACK, D.C. Bar # 485145 |
|  | Assistant United States Attorney |
|  | United States Attorneys Office |
|  | 555 4th Street, N.W. |
|  | Washington, D.C. 20530 |
| July 10, 2008 | (202) 616-5309 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN HOUSE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, Secretary, )<br>United States Department of Interior, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-477 (RJL) |

**PROPOSED ORDER**

Upon consideration of Defendant's Motion to Dismiss, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

Date: _____                              _____
                                                 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN HOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-477 (RJL) |
| ) | |
| DIRK KEMPTHORNE, Secretary, ) | |
| United States Department of Interior, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Jonathan House alleges in his Complaint that the Department of Interior discriminated against him based on his race and sex in violation of Title VII of the 1964 Civil Rights Act. The Court should dismiss House's Complaint as untimely because he failed to file it within 90 days of receiving the Department's final agency action, as he was required to do if he wanted to pursue his claims in this Court. The Department sent House its Final Agency Decision by certified mail. The return receipt reflects that the Final Agency Decision was delivered to House's home on Thursday, December 20, 2007. However, House did not file his Complaint until Thursday, March 20, 2008 – 91 days after the Final Agency Decision was delivered to his home. House's Title VII claims are therefore time barred, and his Complaint should be dismissed.

**BACKGROUND**

House began working at the Department as a Financial Analyst in March 2003. (Compl. ¶ 8.) In April 2004, the Department promoted him from a GS-11 to a GS-12 position. (*Id.*) House alleges that, starting in April 2004, his new supervisor, Carol Sampson, began subjecting

him to a hostile work environment. (*Id.* ¶ 9.) For example, House alleges that Sampson "yelled" at him and she once "threw a document on [his] desk in a hostile manner." (*Id.* ¶¶ 10, 14.) House further alleges that Sampson discriminated against him by only giving him a "Fully Successful" performance rating (instead of a "Superior" rating), by denying him training opportunities, by denying him the opportunity to participate fully in team meetings, and by denying his June 28, 2006 request to take unscheduled leave. (*Id.* ¶¶ 16-28.)

On January 26, 2006, House filed a formal complaint with the Department's Office of Civil Rights. (Compl. ¶ 2; Compl. Ex. 1 at 1.) House amended his administrative complaint on August 2, 2006 to add new allegations to support his claims. (*Id.*) On December 17, 2007, the Department's Office of Civil Rights issued its Final Agency Decision denying his claims. (Compl. ¶ 4.) The Department mailed its Final Agency Decision to House's home by certified mail. (Compl. Ex. 1 at 1.) The return receipt reflects that the Final Agency Decision was delivered at his home on December 20, 2007. (Ex. 1.) The Final Agency Decision expressly informed House that he "has the right to file a civil action in an appropriate United States District Court," but that "he must file [his Complaint] [w]ithin ninety (90) days of receipt of the Final Decision[.]" (Compl. Ex. 1 at 11.) However, House waited until March 20, 2008 to file the Complaint, which was 91 days after it was delivered to his home.

**LEGAL STANDARD**

This Court may dismiss House's Complaint pursuant to Rule 12(b)(6) if he filed it outside the applicable statute of limitations. *Tolbert v. Nat'l Harmony Mem. Park*, 520 F. Supp.2d 209, 211 (D.D.C. 2007). In ruling on a motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take

judicial notice." *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, the Court may consider the return receipt for the delivery of the Department's Final Agency Decision, which is attached hereto as Exhibit 1.

**ARGUMENT**

**I.      House's Title VII Claims Should Be Dismissed As Untimely**

House's Complaint should be dismissed because he filed it more than ninety days after receiving notice of the Department's Final Agency Decision denying his Title VII claims. Title VII requires that a complainant file suit in federal court "within 90 days of receipt of notice of final action taken by a department [or] agency[.]" 42 U.S.C. § 2000e-16(c). The Supreme Court has made clear that this ninety-day limitations period must be strictly enforced. See, e.g., Irwin v. Department of Veterans Affairs, 498 U.S. 89, 91 (1990) (affirming dismissal of Title VII claim filed 14 days late).

This Court has also routinely applied the ninety-day limitations period to bar employment discrimination claims where the plaintiff missed the deadline by only a few days. See, e.g., Jackson v. Snow, 2006 WL 212136 at * 2-4 (D.D.C. Jan. 27, 2006) (dismissing as untimely Title VII complaint filed on 91st day); Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (dismissing as untimely *pro se* plaintiff's Title VII complaint filed on 91st day); Tyler v. Henderson, 2001 WL 194930 (D.D.C. Feb. 22, 2001) (dismissing as untimely Title VII claims filed on 94th day). The Court of Appeals regularly affirms such dismissals. See, e.g., Tyler, 2001 WL 1297501 (D.C. Cir. Sep. 12, 2001); Smith-Haynie v. District of Columbia, 155 F.3d 575 (D.C. Cir. 1998) (affirming summary judgment where Title VII action was filed on the 92nd day).

In this case, the Department's Office of Civil Rights issued its Final Agency Decision

denying House's discrimination claims on December 17, 2007. (Compl. ¶ 4.) The Department mailed a copy of its Final Agency Decision to House with a return receipt. (Ex. 1.) The address to which the Department mailed the Final Agency Decision is the same address that House listed on his Complaint with this Court. (*Compare* Compl. at 1, *with* Ex. 1.) The return receipt reflects that the Final Agency Decision was delivered to House's home on December 20, 2007. This means that, in order for his Complaint to be timely, he had to file suit by March 19, 2008. But House did not file his Complaint with this Court until March 20, 2008. Because he waited 91 days to file suit, House's Complaint is untimely. Smith, 971 F. Supp. at 2-3; Jackson, 2006 WL 212136 at * 2-4.

Although this may seem like a harsh result, the Supreme Court has stated that:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). House received notice of his right to pursue his claims in federal court. That notice explicitly instructed House to file suit within 90 days if he wanted to pursue his claims in federal court. Having failed to timely avail himself of that option, his Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant the Secretary of Interior's Motion to Dismiss and dismiss the Complaint with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
July 10, 2008                                (202) 616-5309

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery
12-10-07

C. Signature
X _Manton C____
☐ Agent
☐ Addressee

D. Is delivery address different from item 17
If YES, enter delivery address below:
☐ Yes
☐ No

2. Article Number
7160 3901 9846 0098 0591

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

Jonathan House
12213 Castle Pines Drive
Beltsville, MD 20705

CR.D61107.100
FAD/08-06-0C

PS Form 3811, January 2005                                Domestic Return Receipt

**DEFENDANT'S EXHIBIT 1**



"U.S._Postal_Service_" &lt;U.S._Postal_Service@usps.com&gt;

06/24/2008 04:17 PM

To Judy Banks/PEO/OS/DOI@DOI

cc

bcc

Subject U.S. Postal Service Track & Confirm email Restoration - 7160 3901 9846 0098 0591

This is a post-only message. Please do not respond.

Judy Banks has requested that you receive this restoration information for Track
& Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 7160 3901 9846 0098 0591

Service Type: Certified

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered 11:45am | BELTSVILLE MD 20705 | 12/20/07 |
| Notice Left 11:48am | BELTSVILLE MD 20705 | 12/19/07 |

USPS has not verified the validity of any email addresses submitted via its
online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm
services and features, please visit the Frequently Asked Questions (FAQs)
section of our Track & Confirm site at
http://www.usps.com/shipping/trackandconfirmfaqs.htm

**DEFENDANT'S EXHIBIT 1**