UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN HOUSE

      Plaintiff,

v.

SECRETARY OF THE INTERIOR

      Defendant.

Civil Action no. 08-477-RJL

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant moves to dismiss on the grounds that plaintiff filed his complaint in this court one day late. Contrary to defendant's argument, memorandum at 3-4, plaintiff submits that equitable tolling should be applied based upon exhibits 1 and 2 hereto, the declarations of plaintiff and Don Cole.

The time restrictions in Title VII are jurisdictional and are subject to principles of equitable tolling. *Mondy v. Secretary of the Army,* 845 F. 2d 1051, 1057 (D.C. Cir. 1988). Here plaintiff has not failed to exercise due diligence in preserving his legal rights. Cf. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990).

Plaintiff tried to file his complaint in a timely manner but was foiled by circumstances beyond his control, including abandonment by his prior law firm. See exhibits 1 and 2 hereto. He should not be punished by dismissing his suit. He appeared at the office of the Clerk of this court on the 90th day from the date the agency final decision was signed for by a relative at his home. Therefore, defendant's motion should be denied. *See Brooks v. Derwinski,* 741 F. Supp. 963 (D.D.C.

1990)(allowing equitable tolling when pro se plaintiff filed one day late); *Robinson-Smith v. GEICO,* 424 F. Supp. 2d 117, 122 (D.D.C. 2006).

/s/

Joel P. Bennett

Law Offices of Joel P. Bennett, P.C.

1208 Eton Court, NW

Washington, DC 20007-3239

202-625-1970-voice

202-625-1973-fax

jbennett@radix.net

Attorney for Plaintiff

August 1, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JONATHAN HOUSE**

        **Plaintiff,**

v.

**SECRETARY OF THE INTERIOR**

        **Defendant.**

Civil Action no. 08-477-RJL

**PLAINTIFF'S DECLARATION IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

In response to defendant's motion to dismiss, plaintiff states the following:

1. I did not sign for the certified mail delivering the final agency decision. I received it the day after it was delivered.

2. I was represented in the administrative phase of this complaint by the law firm of Lippman, Semsker & Salb. In a letter dated June 11, 2007 from Mr. Semsker of that firm, my attorney advised me that my complaint would be withdrawn from the Equal Employment Opportunity Commission Administrative Judge where it was pending and the firm "shall be obligated to litigate your claim in the United States District Court for the District of Columbia." At that time I did not know that Mr. Semsker was ill with cancer. I learned that one week before he died. The firm did not inform me of his death for one or two weeks after he died. I agreed to withdraw my complaint from the Equal Employment Opportunity Commission process because my attorney had missed several deadlines in the Equal Employment Opportunity Commission process.

3. I was advised on March 19, 2008 by Mr. Salb, another partner in the firm, that the firm would not represent me in court. I objected but the firm would not change its decision although it

EXHIBIT 1                    Page 1 of 2

did agree to help me file pro se. However, when I tried to file the complaint pro se on March 19, 2008, an employee in the clerk's office advised me that the forms provided by Mr. Salb were incorrect and some of the instructions provided by my former law firm were incorrect. By the time the law firm resent the corrected forms and I addressed the other issues, the clerk's office had closed for the day and I had to file the complaint on March 20, 2008.

    I hereby declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____

**Jonathan House**

Dated: July 30, 2008

EXHIBIT 1                              Page 2 of  2

# DECLARATION OF DON COLE

1. I am an adult citizen of the United States and competent to give this declaration from my personal knowledge.

2. On March 19, 2008, Mr. House called me in great distress concerning his law firm not filing a suit it had promised to file for him. I met Mr. House at his office that day and he needed medication to control his anxiety.

3. Mr. House and I then took the documents and instructions from his law firm to the office of the Clerk of the U.S. District court in Washington, DC on March 19, 2008. An employee of the clerk's office told us the documents and the instructions were unacceptable. We immediately contacted the law firm and requested correct documents. By the time the documents arrived, the clerk's office was closed for the day.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____

Don Cole

Dated: July 28, 2008

EXHIBIT 2