UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JONATHAN HOUSE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-477 (RJL) |
| | ) | |
| DIRK KEMPTHORNE, Secretary, | ) | |
| United States Department of Interior, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

House admits that his Complaint is untimely and that unless the 90 day filing period is equitably tolled his Complaint should be dismissed. (Dkt. 8 at 1.) He contends, however, that equitable tolling applies because he "tried to file his complaint in a timely manner but was foiled by circumstances beyond his control, including (1) abandonment by his prior law firm," and (2) the refusal of the Court Clerk to permit him to file a defective pleading on the 90th day. As demonstrated below, neither of these facts justifies tolling the 90 day filing period in this case.

Equitable tolling is only appropriate in "extraordinary and carefully circumscribed circumstances." *Mondy v. Sec'y of the Army*, 845 F.2d 1051,1057 (D.C. Cir. 1988). The plaintiff has the burden of pleading and proving that Title VII's time requirements should be tolled. *Bayer v. Dep't of the Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992). The D.C. Circuit has only found equitable tolling applicable where "(1) a claimant has received inadequate notice, (2) where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction, (3) where the court has led the plaintiff to believe that she had done everything required of her, or (4) where a motion for appointment of counsel is pending and equity would justify tolling the

statutory period until the motion is acted upon." *Miller v. Rosenker*, 2008 WL 2854134 at *2 (D.D.C. July 25, 2008). House does not allege that any of these circumstances are present here. (Dkt. 8 at 1-2.)

Instead, House contends that the filing deadline should be tolled because the lawyer representing him died of cancer and the law firm at which his lawyer worked "abandoned" him. (*Id.*) But the attorney representing House at the administrative level passed away on October 15, 2007, *see* Def.'s Ex. 2, and House admits that he learned of his counsel's death "one or two weeks after he died." (Dkt. 8-2 at 1.) The Department of Interior did not issue its final decision until December 17, 2007, which is more than a month *after* House learned of his counsel's unfortunate death. House thus had the entire 90 day period prescribed by Title VII to ensure that another lawyer at the same firm would represent him or to obtain new counsel. He also had the entire 90 day period to decide whether to proceed *pro se*. Equitable tolling is not applicable in these circumstances because House's inability to file his Complaint on time is a direct result of his own failure "to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

House also asserts that equitable tolling applies because he tried to file a complaint on the 90th day, but the lawyer who prepared the complaint provided House with "incorrect" forms and instructions.[1] (Dkt. 8 at 1; Dkt. 8-2 at 2.) House states that he was able to file his Complaint the next day after the "forms" and "instructions" had been corrected. (*Id.*) Equitable tolling only applies, however, when circumstances outside the control of the plaintiff cause the untimely

---

[1] House alleges that another lawyer at the same firm as his deceased counsel helped prepare the Complaint for filing. (Dkt. 8-2 at 1.) This lawyer told House, however, that he would not represent House in this litigation. (*Id.*)

filing. *Irwin*, 498 U.S. at 96. Here, House (like any other litigant) was responsible for ensuring that his complaint was timely filed. He waited until the 90th day – the very last day on which his complaint could be timely filed – to try to file a complaint, but evidently did not bring with him the proper "forms."[2] (Dkt. 8-2 at 1-2.) This is precisely the type of "garden variety . . . neglect" that this Court has found insufficient to trigger equitable tolling. *See, e.g., Wolfe v. Danzig*, 2001 WL 1661479 at *3-4 (D.D.C. June 1, 2001); *Miller v. Rosenker*, 2008 WL 2854134 at *3 (D.D.C. July 25, 2008).

In *Wolfe v. Danzig*, for example, the Court dismissed as untimely the plaintiff's Complaint because he filed it 91 days after receiving notice of the agency's final decision. *Wolfe*, 2001 WL 1661479 at *3-4. The plaintiff alleged that the filing period should be tolled because he filed a "defective" complaint on the 90th day, and then he filed a "corrected" complaint on the 91st day. This Court held that equitable tolling was not applicable in these circumstances because the plaintiff's failure to file the corrected complaint until the 91st day was caused by his own "garden variety . . . neglect." *Id.* at *4 (quoting *Irwin*, 498 U.S. at 96.) The *Wolfe* decision is nearly identical to the situation presented in this case and the result should be the same. House's Complaint in this case is untimely because of his own "garden variety . . . neglect" in failing to prepare the appropriate paperwork to file his Complaint within the 90 day filing period. *Id.*

Similarly, in *Miller v. Rosenker*, the Court found that equitable tolling was inapplicable

---

[2] House has not provided any details regarding the deficiencies in the "forms" or "instructions" that he had on March 19, 2008. (Dkt. 8 at 1; Dkt. 8-2 at 1-2.) Nor has House explained why he could not fix the forms himself while at the courthouse. *Pro se* litigants regularly file complaints on time. There is no legitimate reason why House could not do so here.

where the plaintiff mailed his administrative appeal to the EEOC one day late. *Miller*, 2008 WL 2854134 at at *3. The plaintiff alleged that he went to the post office on the last day of the filing period to send his administrative appeal via certified mail but the post office was already closed. *Id.* The plaintiff returned to the post office the next day and mailed his package. *Id.* In rejecting the plaintiff's contention that equitable tolling applied, this Court found that:

> This argument is unpersuasive. *Irwin* emphasizes that equitable tolling should be applied sparingly by federal courts and expressly states that "a garden variety claim of excusable neglect" is insufficient. *Irwin*, 498 U.S. at 96. Plaintiff's effort to file a timely appeal does not appear to satisfy the standard of diligence set forth in *Irwin*. He has not argued that there is any language in the Final Agency Decision that suggest either that an appeal must be sent via certified mail or that caused him to be misled concerning the appeal deadline. Plaintiff has not argued that his notice of the administrative appeal deadline was inadequate, that he was lulled into inaction by any actions of Defendant or the Court, or that a motion for appointment of counsel was pending. Plaintiff therefore fails to fit this case into any of the circumstances described in *Mondy* where equitable tolling would be appropriate.

*Id.* House's situation is no different. He has not alleged that the Department of Interior or this Court misled him in any way, he has not asserted that he lacked notice of the 90 day filing requirement or that the notice was unclear, and he has not alleged that a motion for the appointment of counsel was pending. (Dkt. 8 at 1-2.) In these circumstances, equitable tolling is not applicable in this case. *Miller*, 2008 WL 2854134 at at *3.

Plaintiff cites *Brooks v. Derwinski*, 741 F. Supp. 963 (D.D.C. 1990) (Richey, J.) (tolling filing period because the plaintiff filed suit only one day late), but *Brooks* was decided before the Supreme Court's decision in *Irwin*, 498 U.S. at 96, which made clear that the filing period should be "strictly" enforced. This Court has followed the Supreme Court's instruction in *Irwin* by consistently enforcing the 90 day filing period and not applying the doctrine of equitable tolling simply because a plaintiff only filed suit one day late. *see, e.g., Jackson v. Snow*, 2006

4

WL 212136 at * 4 (D.D.C. Jan. 27, 2006); *Smith v. Dalton*, 971 F. Supp. 1, 3-4 (D.D.C. 1997); *Wolfe*, 2001 WL 1661479 at *4.[3]  The Court should follow these decisions in this case and dismiss House's Complaint as untimely.  *Smith*, 971 F. Supp. at 3 ("The Supreme Court has cautioned that congressionally mandated time requirements for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") (internal quotation marks omitted).[4]

                                      Respectfully submitted,

                                      /s/
                                      JEFFREY A. TAYLOR , D.C. Bar # 498610
                                      United States Attorney

                                      /s/
                                      RUDOLPH CONTRERAS, D.C. Bar # 434122
                                      Assistant United States Attorney

                                      /s/
                                      HARRY B. ROBACK, D.C. Bar # 485145
                                      Assistant United States Attorney
                                      United States Attorneys Office
                                      555 4th Street, N.W.
                                      Washington, D.C. 20530

August 11, 2008                          202-616-5309

---

[3] Plaintiff also cites *Robinson-Smith v. Gov't Employees Ins. Co.*, 424 F. Supp.2d 117 (D.D.C. 2006), but in that case this Court found that equitable tolling was *not* applicable precisely because it involved a "garden variety" case of "neglect." *Id.* at 122-23.

[4] If House's explanation for why he was unable to file his complaint on time is true, he may have a claim against the lawyer who provided him with the erroneous information.  But it does not provide a basis for tolling the 90 day filing period against the Department of Interior.  *Cf. Jackson*, 2006 WL 212136 at *4 (noting that "attorney neglect is not grounds for equitable tolling.").



- FIRM PROFILE
- PRACTICE AREAS
- ATTORNEYS
- CASES
- CLIENT TOOLS
- WHAT'S NEW
- CONTACT

With the deepest sadness and grief we share the death of our friend Richard H. Semsker, on October 15, 2007.

Donations in his memory can be made to the Casey House h

Home | Firm Profile | Practice Areas | Attorneys | Cases |
Client Tools | Discuss Your Case | Contact

Disclaimer | Useful Links | Labor Attorneys—Nationwide | Sitemap
Copyright © 2006 Lippman, Semsker, & Salb LLC— An AV-Rated Firm



LEARN ABOUT OUR LEGISLATIVE PROPOSAL TO PROTECT A WOMAN'S RIGHT TO BREAST FEED IN THE DISTRICT OF COLUMBIA

Website Design by ReEvolve Designs

