## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JONATHAN HOUSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 08-477 (RJL)** |
| | ) | |
| **KEN SALAZAR, Secretary,** | ) | |
| **United States Department of Interior,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION
(February **25**, 2009) [#6]

Plaintiff Jonathan House claims that the Department of the Interior ("the Department") discriminated and retaliated against him, allegedly because of his race and gender, in violation of Title VII of the Civil Rights Act of 1964. After considering defendant's motion to dismiss, plaintiff's opposition, defendant's reply, the relevant case law, and the entire record herein, the Court GRANTS defendant's motion because plaintiff's claims are time-barred and are not entitled to equitable tolling.

### BACKGROUND

House, an African-American male, was serving as a G-12 financial analyst at the Department in April 2004, Compl. ¶ 8, when Carol Sampson became his new supervisor. *Id.* ¶ 9. During the ensuing year and a half, according to House, Sampson mistreated him

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor. Accordingly, the Court substitutes Secretary of the Interior Ken Salazar for former Secretary Dirk Kempthorne.

by berating him in front of his colleagues, falsely accusing him of performing his job incorrectly, giving him unfair job performance ratings, denying his requests for leave, excluding him from meetings, denying him training, and stripping him of certain job responsibilities. *Id.* ¶¶ 10, 14, 15, 17, 22, 27, 28, 30. House also alleged that Sampson mistreated the other African-American males under her supervision. *Id.* ¶ 20. Despite this alleged mistreatment, House received a promotion to a GS-13 position in April 2005. *Id.* ¶ 12.

House claimed he attempted to resolve his problems with Sampson by raising his concerns with his team leader and Sampson's supervisor, but neither took corrective action. *Id.* ¶¶ 23, 24. On December 22, 2005, House contacted an EEO counselor, and on January 26, 2006, he filed an administrative complaint with the Department. *Id.* ¶ 2. On December 17, 2007, the Department issued a Final Agency Decision ("FAD"), *id.* ¶ 4, denying House his requested relief. The FAD also provided information on further action House could take, which included filing a civil action within ninety days of receiving the FAD. Compl. Ex. 1, at 11. The FAD was delivered to House's address by certified mail on December 20, 2007. Def.'s Ex. 1. House stated that he did not sign for the package and, consequently, did not receive the FAD until the day after it was delivered – December 21, 2007. Pl.'s Ex. 1, ¶ 1.

On March 20, 2008, ninety-one days after the FAD was delivered to House's address, House filed suit in this Court alleging discrimination and retaliation in violation of Title VII. Defendant filed a motion to dismiss on July 10, 2008, arguing that House's

claims were time-barred and undeserving of equitable tolling. This Court agrees and GRANTS defendant's motion.

## DISCUSSION

Although defendant has filed a motion to dismiss, the parties presented materials outside the pleadings relied upon by the Court. Therefore, the Court will treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Strong-Fischer v. Peters*, 554 F. Supp. 2d 19, 22 (D.D.C. 2008). A party is entitled to summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## I.    Plaintiff's Complaint Was Untimely

A federal employee is required to file suit within ninety days of final administrative action. 42 U.S.C. § 2000e-16(c) (federal employees must file a civil action within ninety days after "receipt of notice of final action."); *see also* 29 C.F.R. § 1614.407(a). Courts apply the ninety-day time limit strictly. *See, e.g., Woodruff v.*

*Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007); *Strong-Fischer*, 554 F. Supp. 2d at 23, *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006).  Receipt of notice of final action occurs when the agency delivers notice to a claimant or his attorney, and delivery to the attorney's office, even if not to the attorney himself, is sufficient.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990).  Delivery to a claimant's home address, even if not to the claimant himself, is also sufficient.  *See Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995) ("In the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of the right to sue letter constitutes receipt sufficient to start the running of the time period for filing a discrimination action."); *cf. Irwin*, 498 U.S. at 92-94 (stating that plaintiff's attorney's receipt of the EEOC's right-to-sue letter could trigger the limitations period regardless of whether plaintiff himself had actual notice of receipt).

Here, the FAD was delivered to House's home by certified mail on December 20, 2007.  Def.'s Ex. 1.  To fall within the ninety-day window, House had to file a complaint on or before March 19, 2008.  However, he did not file his complaint until March 20, 2008, one day after the deadline.

House admits that he filed his complaint one day after the applicable period had expired, but states that he did not personally receive the FAD until December 21, 2007.  Pl.'s Ex. 1, ¶ 1.  However, the ninety-day clock began to tick on the day the FAD was

delivered to House's home.[2] He failed to abide by that time limit and his complaint must therefore be dismissed.

## II.     Plaintiff Is Not Entitled to Equitable Tolling

Because the ninety-day time period is non-jurisdictional, it functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling, but only in "extraordinary and carefully circumscribed instances." *Wiley*, 436 F. Supp. 2d at 96 (citing *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)). Courts may properly allow tolling where "a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . where the court has led the plaintiff to believe that [he] had done everything required of [him], . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Mondy*, 845 F.2d at 1057 (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Otherwise, courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96. In other words, to toll the ninety-day deadline, the plaintiff must have exercised due diligence and his excuse for the delayed filing must be more than "a garden variety claim of excusable neglect." *Id.* The burden of pleading and proving any equitable excuse for failure to meet the ninety-day filing limit falls wholly upon the plaintiff. *Strong-Fischer*, 554 F. Supp. 2d at 23.

---

[2] Moreover, plaintiff addresses only the question of equitable tolling in his opposition, and therefore concedes that his complaint was untimely.

House missed the applicable window of time to file his complaint, and he provides no excuse that would toll the clock. He states that (1) his lawyer passed away on October 15, 2007, and he learned of it one or two weeks afterward, Pl.'s Ex. 1, ¶ 2, Def.'s Ex. 2; (2) his previous law firm informed him on March 19, 2008 that it would no longer represent him, Pl.'s Ex. 1, ¶ 3; and (3) the lawyer he spoke to gave him the incorrect paperwork to file with the court, thus delaying the filing by a day. *Id.* However, House learned of his lawyer's death *before* the FAD issued. He had well over four months to ascertain whether the law firm would continue with his case. That he waited until the last possible day before discovering that his deceased lawyer's firm would not represent him is not an extraordinary circumstance deserving of equitable tolling. To the contrary, it is the exact type of "garden variety neglect" the Supreme Court cautioned against in *Irwin*.

Thus, for the foregoing reasons, defendant's motion to dismiss, treated as a motion for summary judgment, is GRANTED.

RICHARD J. LEON
United States District Judge